IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Christine Moreno, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  1:21-cv-1788 |
| | ) | |
| Merchants' Credit Guide Company, an Illinois corporation, | ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

# COMPLAINT

Plaintiff, Christine Moreno, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Christine Moreno ("Moreno"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for medical services to Amita Health Adventist Medical Center.

4.      Defendant, Merchants' Credit Guide Company ("Merchants"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. From its offices in Chicago, Illinois, Merchants operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Illinois. In fact, Defendant Merchants was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant Merchants is authorized to conduct business in the State of Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Merchants conducts business in Illinois.

**FACTUAL ALLEGATIONS**

6.      Due to financial difficulties, Ms. Moreno was unable to pay her debts, including a debt she allegedly owed for medical services to Amita Health Adventist Medical Center. Defendant Merchants attempted to collect this debt from her via negative credit reports. Unsure about Defendant Merchants, and unsure about the debt, Ms. Moreno consulted with counsel about her debt issues and the debt that Merchants was trying to collect.

7.      Accordingly, Ms. Moreno's attorney wrote to Defendant Merchants, via a letter dated January 25, 2021, to notify it that Ms. Moreno was represented by counsel, and that she disputed the debt that Merchants was trying to collect. Copies of this letter and fax confirmation are attached as Exhibit B.

8.      On March 26, 2021, Ms. Moreno obtained and reviewed a copy of her

TransUnion credit report, which showed that Defendant Merchants had continued to report the debt, but had failed to note that the debt was disputed. The pertinent part of Ms. Moreno's TransUnion credit report is attached as Exhibit C.

9. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit reports impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note that the debt was disputed made it appear to Plaintiff that she did not actually have the right to dispute the debt at issue. Defendant's collection actions alarmed, confused and distressed Ms. Moreno, impacted her credit score, and made her believe that the exercise of her rights had failed.

10. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA –
### False or Misleading Representations

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the

following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

14. Defendant, by continuing to report the debt to the credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive, or misleading means to collect or attempt to collect, debts, in violation of § 1692e(8) of the FDCPA.

15. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

18. Defendant, by continuing to report the debt to the credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of § 1692f of the FDCPA.

19. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. §

4

1692k.

## PRAYER FOR RELIEF

Plaintiff, Christine Moreno, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Moreno, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Christine Moreno, demands trial by jury.

                Christine Moreno,

                By: /s/ David J. Philipps
                One of Plaintiff's Attorneys

Dated: April 2, 2021

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

5